UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYLELEIGH F., <br><br>            Plaintiff, <br><br>    v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>            Defendant. | CASE NO. C21-5795-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1959.[1] Plaintiff has at least a high school education and previously worked as a caregiver, cashier-checker, retail sales clerk, and stores laborer. AR 25, 83, 169. Plaintiff filed an application for Supplemental Security Income (SSI) on April 26, 2017,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

alleging disability beginning January 4, 2016.[2] AR 15–16. The application was denied at the initial level and on reconsideration. On November 19, 2018, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 32–75. On January 30, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 157–70. Plaintiff timely appealed. The Appeals Council granted Plaintiff's request for review and remanded the decision to the ALJ. AR 176–80.

The ALJ held a telephone hearing on March 31, 2021, and, on May 21, 2021, issued another decision finding Plaintiff not disabled. AR 15–25, 76–109. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 25, 2021 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

---

[2] Plaintiff also filed an application for Disability Insurance Benefits (DIB) on April 26, 2017; however, Plaintiff's DIB application was denied immediately because she does qualify for DIB. AR 157.

ORDER
PAGE - 2

# **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920 (2000).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 26, 2017, the application date. AR 18.

At step two, the ALJ found that Plaintiff has the following severe impairments: cervical spine degenerative disc disease, status post-fusion surgery; lumbar spine degenerative disc disease, status post-fusion surgery; and chronic obstructive pulmonary disease (COPD) with tobacco use; and bilateral hand abnormalities. AR 18. The ALJ also found that the record contained evidence of methamphetamine abuse, generalized anxiety disorder, panic disorder, hypertension, hyperlipidemia, and a history of angina; however, the ALJ found that these conditions did not rise to the level of severe. AR 18.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 19.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> She can frequently stoop, kneel, crouch, crawl, and climb ramps or stairs; she can occasionally climb ladders, ropes, or scaffolds; she can. frequently handle bilaterally and occasionally finger bilaterally. She can have frequent exposure to extreme temperatures and hazards, such as unprotected heights or moving machinery. She can have occasional exposure to pulmonary irritants, such as fumes, odors, dusts, gases, and poor ventilation.

AR 19–20. With that assessment, the ALJ found Plaintiff able to perform past relevant work as a retail sales clerk. AR 25. Because the ALJ found Plaintiff not disabled at step four, the ALJ did not reach step five of the sequential analysis. *See* 20 C.F.R. § 416.920(a)(4).

Plaintiff raises the following issues on appeal: (1) Whether the ALJ erred by failing to properly evaluate the medical opinion of Pamil Sidhu, M.D., resulting in an RFC that is the product of legal error; and (2) whether the ALJ erred by failing to follow remand instructions. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. § 416.920c(a)–(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at § 416.920c(c)(1)–(2). Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. <u>Dr. Pamil Sidhu, M.D.</u>

State agency medical consultant Dr. Sidhu reviewed Plaintiff medical records in November 2018 and assessed Plaintiff with moderate limitation in postural restrictions and marked limitation in gross or fine motor skill restrictions. AR 900. Dr. Sidhu further assessed that Plaintiff would be unable to stand five out of eight hours with standard breaks or sit for prolonged periods with occasional pushing and pulling of arm or leg controls. AR 900. With that assessment, Dr. Sidhu opined that Plaintiff would be able to perform no more than sedentary work. AR 900.

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. § 416.920c(a)–(b). The ALJ found Dr. Sidhu's opinion unpersuasive. AR 24. The ALJ found that Dr. Sidhu performed a limited review of Plaintiff's medical records and that the doctor's opinion was inconsistent with the objective medical evidence, Plaintiff's daily activities, and the opinions of other consultants who reviewed more of Plaintiff's records. AR 24. The ALJ further noted that Dr. Sidhu considered Plaintiff's use of a cane in the DSHS office but that the medical records do not document Plaintiff's use of a cane. AR 24.

Plaintiff argues that the ALJ improperly found Dr. Sidhu's opinion less persuasive than the opinions of other consultants who had more records to review. Dkt. 16, at 5. "The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The ALJ found that Dr. Sidhu reviewed a limited report from October 2018 to assess Plaintiff's physical functioning and that another reviewing consultant, Dr. Howard Platter, M.D., had reviewed more records "and could provide a more comprehensive opinion."[3] AR 24. The ALJ's finding is not supported by the evidence of record. Dr. Sidhu's opinion notes that the doctor received several medical reports for his review, including medical reports described as "Valley View, ORTHO, PCH ERD visits." AR 899, 952. Therefore, the ALJ did not reasonably find Dr. Sidhu's opinion less persuasive than other consultative opinions in the record based on finding that Dr. Sidhu reviewed minimal evidence.

Plaintiff argues that the ALJ failed to properly consider the supportability of Dr. Sidhu's opinion. Dkt. 16, at 6. Under the supportability factor, "[t]he more relevant the objective medical

---

[3] The ALJ further found Dr. Platter's opinion consistent with the objective medical evidence of record and Plaintiff's demonstrated functioning. AR 23; *see* 20 C.F.R. § 416.920c(c)(2) (consistency factor). Plaintiff does not challenge the ALJ's evaluation of Dr. Platter's opinion.

ORDER
PAGE - 5

evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). As discussed above, the ALJ erroneously found that Dr. Sidhu only reviewed a limited medical report from October 2018 whereas the doctor's opinion provides that the doctor reviewed multiple medical reports. AR 899, 952. Therefore, the ALJ did not properly consider the supportability of Dr. Sidhu's opinion when evaluating the persuasiveness of the doctor's opinion as required by the regulations.

Plaintiff next argues that the ALJ erred by finding Dr. Sidhu's opinion inconsistent with other evidence in the medical record. Dkt. 16, at 7. An ALJ may reject a medical opinion that is inconsistent with the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ found Dr. Sidhu's opinion inconsistent with evidence that Plaintiff had relatively normal musculoskeletal, neurological, and respiratory findings, that Plaintiff's degenerative disc disease and COPD were stable on medication, and that Plaintiff is able to perform activities of daily living, prepare simple meals, do household chores, shop in stores, and care for her dogs. AR 24. The ALJ, however, failed to describe how or why this evidence is inconsistent with Dr. Sidhu's opinion. Dr. Sidhu opined that Plaintiff has marked limitation in fine and gross motor skills, yet none of the physical findings or activities identified by the ALJ clearly involve or relate to fine or gross motor skills. Dr. Sidhu further opined that Plaintiff would be unable to stand for five out of eight hours or sit for prolonged periods, yet none of the activities identified by the ALJ clearly involve prolonged standing or sitting. Similarly, normal musculoskeletal, neurological, and respiratory findings and evidence that Plaintiff's degenerative disc disease and COPD were stable on medication do not reasonably show that Plaintiff would be able to stand or sit for prolonged periods contrary to Dr. Sidhu's assessed limitations. Indeed, Plaintiff reported to her providers in January

ORDER
PAGE - 6

and August 2018 that her back pain "problem is stable," "occurs persistently," and is aggravated by exertional activities including sitting and standing. AR 575, 583. Therefore, the ALJ's finding that Dr. Sidhu's opinion was inconsistent with the medical evidence of record is not supported by substantial evidence.

The Commissioner argues that the ALJ properly found Dr. Sidhu's opinion less reliable than other opinions of record because Dr. Sidhu referenced Plaintiff using a cane in the DSHS office. Dkt. 17, at 6. The ALJ found Plaintiff's use of a cane to be "malingering-type behavior." AR 24. To the extent that the ALJ found Dr. Sidhu's opinion less persuasive based on the doctor noting that Plaintiff was observed using a cane, the ALJ's finding lacks substantial evidence. Although Dr. Sidhu noted that Plaintiff had been observed ambulating with a cane, the doctor noted that Plaintiff's use of a cane and gait disturbance "is not documented in records." AR 901. Further, Dr. Sidhu did not assess limitations related to Plaintiff's walking abilities. *See* AR 900. As a result, Plaintiff's use of a cane, even if not medically necessary, did not reasonably impact Dr. Sidhu's opinion. Therefore, to the extent that the ALJ found Dr. Sidhu's opinion inconsistent with evidence that Plaintiff's use of a cane was not medically necessary, this finding is not supported by substantial evidence.

The Commissioner further argues that the ALJ properly relied on other evidence than Dr. Sidhu's opinion because the doctor "does not appear to have considered substance abuse in his evaluation of Plaintiff's impairments." Dkt. 17, at 8. The ALJ did not identify a lack of consideration of Plaintiff's substance abuse as a reason for finding Dr. Sidhu's opinion less persuasive. Therefore, the Commissioner's argument represents an improper *post-hoc* rationalization, which the Court does not consider. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) ("Long-standing principles of administrative law require us to

ORDER
PAGE - 7

review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

As described above, the ALJ inadequately evaluated the supportability and consistency of Dr. Sidhu's opinion and did not provide reasons supported by substantial evidence for finding the doctor's opinion unpersuasive. The ALJ's error was harmful because it resulted in an RFC determination that did not account for all of Plaintiff's functional limitations.

2. **Order of the Appeals Council**

Plaintiff argues that the ALJ failed to comply with the Appeals Council's July 13, 2020 order remanding the matter for further administrative proceedings. Specifically, Plaintiff argues that the Appeals Council ordered the ALJ to give further consideration to the medical source opinions and also request additional evidence and/or further clarification of the opinion as needed, yet the ALJ failed to request additional evidence and clarification of Dr. Sidhu's opinion. Dkt. 16, at 9–10.

The Court may review the ALJ's failure to comply with the Commissioner's own regulations for legal error applying a clearly erroneous standard. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*; *Pac. Gas & Elec. Co. v. F.E.R.C.*, 464 F.3d 861, 868 (9th Cir. 2006) ("[I]t is well established that an agency's interpretation of the intended effect of its own orders is controlling unless clearly erroneous." (internal quotation marks and citation omitted)). The Appeals Council found that the ALJ inaccurately evaluated the opinion of Dr. Dan Donahue, Ph.D., and that the record contained an opinion from Dr. John F. Robinson, Ph.D., who was not qualified to serve as a psychological consultant at the time that he reviewed Plaintiff's file. AR 178. Accordingly, the Appeals Council remanded the matter for further consideration of Plaintiff's mental impairment, the medical source opinions, and Plaintiff's

ORDER
PAGE - 8

RFC. AR 179. The Appeals Council further directed the ALJ to offer Plaintiff a new opportunity for hearing, address additional evidence submitted by Plaintiff, and "take any further action needed to complete the administrative record and issue a new decision." AR 179. Finally, the Appeals Council noted that the ALJ "may request the medical source to provide additional evidence and/or further clarification of the opinion," "may obtain testimony from a medical expert," and may obtain supplemental evidence from a VE "[i]f warranted by the expanded record." AR 178–79.

Given that the Appeals Council's specifically identified error in the ALJ's evaluation of Dr. Donahue and Dr. Robinson's opinions, the ALJ reasonably complied with the Appeals Council's order by reevaluating Dr. Donahue's opinion, by not addressing the persuasiveness of Dr. Robinson's opinion, and by finding that medical expert testimony was not necessary. AR 24–25. Further, the ALJ held a new hearing, took new testimony from a VE, and issued a new decision. AR 15–25, 76–109. Therefore, the ALJ reasonably complied with the Appeals Council's order on remand.

Regarding Dr. Sidhu's opinion, Plaintiff has not shown that the ALJ erred by failing to request additional evidence and clarification from Dr. Sidhu. The Appeals Council permitted the ALJ to request additional evidence and clarification from a medical source "[a]s appropriate." AR 179. Although the ALJ has a duty to develop the record, this duty "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Here, the ALJ did not find that Dr. Sidhu's opinion was ambiguous or that the record was inadequate to evaluate the doctor's opinion. Therefore, Plaintiff has not shown that the ALJ failed to comply with the Appeals Council's order on remand or that the ALJ erred in developing the record.

ORDER
PAGE - 9

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 6th day of September, 2022.

MARY ALICE THEILER
United States Magistrate Judge